UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

LOUIS E. HAMMONDS
and other similarly situated individuals,

    Plaintiff (s),

v.

ROWE RESEARCH, LLC,
A/K/A TRUE MARKET MAVENS LLC,
and CHRISTOPHER ROWE, individually

    Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff LOUIS E. HAMMONDS by and through the undersigned counsel, and hereby sues Defendants ROWE RESEARCH, LLC, a/k/a TRUE MARKET MAVENS LLC, and CHRISTOPHER ROWE, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. At all times material hereto Plaintiff LOUIS E. HAMMONDS is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant ROWE RESEARCH, LLC, a/k/a TRUE MARKET MAVENS LLC (hereinafter ROWE RESEARCH, or Defendant) is a Florida corporation, having its principal place of

business in Palm Beach County, Florida, where the Plaintiff worked. The Defendants were and are engaged in interstate commerce.

4. The individual Defendant CHRISTOPHER ROWE is the owner/partner/officer and manager of ROWE RESEARCH. Defendant CHRISTOPHER ROWE had operational control of the business, and he is the employer of Plaintiff within the meaning of 29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Palm Beach County, Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff LOUIS E. HAMMONDS brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.,* on behalf of himself and other similarly situated employees of Defendants.

7. Plaintiff brings this cause of action as a collective action to recover from the Defendants overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2021, (the "material time") without being compensated overtime wages pursuant to the FLSA.

8. Corporate Defendant ROWE RESEARCH is an investment, researching, and marketing firm located at 33 SE, 8th. Street, Suite 312, Boca Raton.

9. Defendants ROWE RESEARCH and CHRISTOPHER ROWE employed Plaintiff LOUIS E. HAMMONDS from approximately January 04, 2021, through April 8, 2021, or 13 weeks.

10. Plaintiff was hired as a full-time inside salesman working at home and occasionally at ROWE RESEARCH's offices in Boca Raton. Plaintiff's primary duty was the sale of investment educational material.

11. Plaintiff was paid at the rate of $26.44 an hour. Plaintiff did not earn commissions. Plaintiff's overtime rate should be $39.66 an hour.

12. At the time of his hiring, Plaintiff was offered a full-time job with a regular schedule of 5 days per week, working from 9:00 AM to 5:00 PM, or 40 hours weekly.

13. Nevertheless, during his time of employment with Defendants, Plaintiff worked a different schedule. Plaintiff worked consistently from Monday to Friday, from 7:00 AM to 6:00 PM (11 hours each day); on Saturdays and Sundays Plaintiff worked from 10:00 AM to 3:00 PM (5 hours each day). On top of that, Plaintiff had to work in the evenings at least 3 hours every day. These hours constitute additional overtime hours that Plaintiff worked without any compensation. Plaintiff worked 86 hours every week to complete work assignments outside his job description and primary duty.

14. Plaintiff was unable to take bonafide lunch periods.

15. Plaintiff was paid for 40 regular hours at the rate of $26.44 plus some overtime hours at his regular rate. Plaintiff was paid bi-weekly with checks and paystubs that did show the real number of days and hours worked.

16. Defendants did not maintain any time-keeping method, but they were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep

    accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

17. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

18. Plaintiff was not in agreement with the number of hours worked and the payment received.

19. Plaintiff complained about overtime payment to his manager CHRISTOPHER ROWE the first week of March.

20. On or about March 30, 2021, Plaintiff complained again to his manager about the excessive workload and the lack of payment for overtime hours. This time, CHRISTOPHER ROWE told Plaintiff that he could not address the issue at that moment.

21. Unfortunately, on or about April 08, 2021, Defendant CHRISTOPHER ROWE fired Plaintiff, alleging that "he was not a good fit".

22. Plaintiff did not meet the requirements for an exemption, including Section 7(i) exemption. Plaintiff must be paid an overtime premium for all hours worked over 40 in a workweek, at the overtime rate of time and one-half his regular pay rate.

23. Plaintiff LOUIS E. HAMMONDS seeks to recover overtime wages, retaliatory damages, liquidated damages, and any other relief as allowable by law.

24. The additional persons who may become Plaintiffs in this action are employees and former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum or overtime wages at the rate

of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

25. Plaintiff LOUIS E. HAMMONDS re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. Plaintiff LOUIS E. HAMMONDS brings this action and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

27. The employer ROWE RESEARCH was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is an investment research firm. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and markets its services or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits

funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage

28. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities. Plaintiff and other employees similarly situated regularly and recurrently participated directly in interstate business by performing business through the internet. Therefore, there is individual coverage.

29. Defendants ROWE RESEARCH and CHRISTOPHER ROWE employed Plaintiff LOUIS E. HAMMONDS from approximately January 04, 2021, through April 8, 2021, or 13 weeks.

30. Plaintiff was hired as a full-time inside salesman working at home and occasionally at ROWE RESEARCH's offices in Boca Raton. Plaintiff's primary duty was the sale of investment educational material.

31. Plaintiff was paid at the rate of $26.44 an hour. Plaintiff did not earn commissions. Plaintiff's overtime rate should be $39.66 an hour.

32. At the time of his hiring, Plaintiff was offered a full-time job with regular schedule of 5 days per week, working from 9:00 AM to 5:00 PM, or 40 hours weekly.

33. Nevertheless, during his time of employment with Defendants, Plaintiff worked a different schedule. Plaintiff worked consistently from Monday to Sunday a total of 86 hours per week to complete work assignments outside his job description and primary duty. Plaintiff did not take bonafide lunch periods.

34. Plaintiff was paid for 40 regular hours at the rate of $26.44 plus some overtime hours at his regular rate. Plaintiff was paid bi-weekly with checks and paystubs that did show the real number of days and hours worked.

35. Defendants did not maintain any time-keeping method, but they could monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

36. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

37. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation actually paid to such employees should be in the possession and custody of Defendants. Nevertheless, upon information and belief, Defendants did not keep any time-keeping method and did not maintain accurate records.

38. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

40. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

       Twenty-Three Thousand Seven Hundred Sixteen Dollars and 68/100 ($23,716.68)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 13 weeks
       Total relevant weeks: 13 weeks
       Total number of hours worked: 86 hours weekly
       Total number of unpaid O/T hours: 46 hours weekly
       Regular rate: $26.44 x 1.5=$39.66 O/T rate

       O/T rate $39.66 x 46 hours=$1,824.36 weekly x 13 weeks=$23,716.68

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents unpaid overtime.

41. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay them at the rate of time and one-half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

42. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement

of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

43. At times mentioned, individual Defendant CHRISTOPHER ROWE was the owner/officer and manager of Defendant Corporation ROWE RESEARCH. Individual Defendant CHRISTOPHER ROWE was the employer of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of ROWE RESEARCH concerning its employees, including Plaintiff and others similarly situated. Individual Defendant CHRISTOPHER ROWE had total financial and operational control of the Corporation, determining Plaintiff's employment terms and conditions of employment, and he is jointly and severally liable for Plaintiff's damages.

44. Defendants ROWE RESEARCH and CHRISTOPHER ROWE willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment, as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff LOUIS E. HAMMONDS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Defendants ROWE RESEARCH and CHRISTOPHER ROWE based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff LOUIS E. HAMMONDS and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS

46. Plaintiff LOUIS E. HAMMOND re-adopts every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

47. The employer ROWE RESEARCH was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an investment research firm. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services and/or goods to customers from throughout the United States and provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue

of the Employer/Defendant was always more than $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

48. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities. Plaintiff and other employees similarly situated regularly and recurrently participated directly in interstate business by performing business through the internet. Therefore, there is individual coverage.

49. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

50. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

51. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

52. Defendants ROWE RESEARCH and CHRISTOPHER ROWE employed Plaintiff LOUIS E. HAMMONDS from approximately January 04, 2021, through April 8, 2021, or 13 weeks.

53. Plaintiff was hired as a full-time inside salesman working at home and occasionally at ROWE RESEARCH's offices in Boca Raton. Plaintiff's primary duty was the sale of investment educational material.

54. Plaintiff was paid at the rate of $26.44 an hour, plus production bonuses. Plaintiff's overtime rate should be $39.66 an hour.

55. During his employment with Defendants, Plaintiff worked consistently from Monday to Sunday, a total of 86 hours.

56. Plaintiff was paid for 40 regular hours at the rate of $26.44 plus some overtime hours at his regular rate. Plaintiff was paid bi-weekly with checks and paystubs that did show the real number of days and hours worked.

57. Defendants did not maintain any time-keeping method, but they were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

58. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

59. Plaintiff was never in agreement with the excessive number of hours worked and the lack of overtime pay, and on or about the first week of March 2021, Plaintiff complained to the owner of the business and manager CHRISTOPHER ROWE.

60. On or about March 30, 2021, Plaintiff complained again to his manager about the excessive workload and the lack of payment for overtime hours. This time, CHRISTOPHER ROWE told Plaintiff that he could not address the issue at that moment.

61. These complaints constituted protected activity under the FLSA.

62. Unfortunately, on or about April 08, 2021, Defendant CHRISTOPHER ROWE fired Plaintiff, alleging that "he was not a good fit."

63. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

64. There is closed proximity between Plaintiff's protected activity and his termination.

65. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

66. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

67. Plaintiff LOUIS E. HAMMOND has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LOUIS E. HAMMOND respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants ROWE RESEARCH, and CHRISTOPHER ROWE that Plaintiff LOUIS E. HAMMOND recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants ROWE RESEARCH, and CHRISTOPHER ROWE to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff LOUIS E. HAMMOND further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff LOUIS E. HAMMOND demands trial by a jury of all issues triable as of right by a jury.

DATED: May 17, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*